**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 14-25648 |
| | ) | |
| Action Athletic Equipment, Inc. | ) | Chapter 7 |
| | ) | |
| Debtor | ) | Hon. A. Benjamin Goldgar |

**APPLICATION FOR ALLOWANCE OF FINAL COMPENSATION AND REIMBURSEMENT OF EXPENSES OF THE LAW OFFICES OF ILENE F. GOLDSTEIN, CHARTERED ATTORNEYS FOR THE TRUSTEE**

Law Offices of Ilene F. Goldstein, Chartered, Attorneys for Ilene F. Goldstein, Trustee, pursuant to §330 of the United States Bankruptcy Code, requests the entry of an order authorizing and allowing an award of final compensation and reimbursement of expenses. In its application, IFG Chtd. requests compensation for services rendered during the period August 20, 2014 to October 16, 2015. For this period, IFG Chtd. seeks attorneys' fees for services rendered in the amount of $9,625.00 for 27.50 hours. IFG Chtd. also requests that the Court order, allow and direct payment to it of $77.60 for reimbursement of expenses incurred in connection with its legal services.

In support of its application, IFG Chtd. respectfully states as follows:

**BACKGROUND**

1. On July 11, 2014 a voluntary petition under Chapter 7 of the United States Bankruptcy Code was filed in the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division.

2. Ilene F. Goldstein has been appointed as the Trustee for the Bankruptcy Estate of Action Athletic Equipment, Inc.

3.   Through her administration and liquidation of the Estate, Trustee has recovered  $136,723.37 of which $26,280.31 is available to the Estate.  The Trustee when appointed reviewed the schedules which indicated an ownership interest in a substantial piece of Real Estate.   There was a secured creditor who was cross collateralized on the assets of the Corporation and the Real Estate.  In the course of analyzing issues in the sale of the Real Estate it was determined from review of documentation that the Real Estate was owned by a different company.  However in order to realize the benefit for creditors of the sale of Personal Property and account receivables it was determined that it was necessary to marshal the assets.  The Trustee was able to assist in the sale of the Real Estate and Personal Property of the Debtor located in the Real Estate and with the collection of account receivables was able to retire the secured creditor claim and to amass some funds for the Estate.

Further the Debtor failed to report the undue Real Estate taxes and the owner of the property failed to effectively manage the Real Estate leaving undue Real Estate taxes of over $130,000.00 and allowing the building to fall into disrepair by failure to pay utilities and causing pipes to burst.  Due to the neglect of the owner and the exorbitant amount of taxes due on the Real Property in order to pay the secured creditor and close on the Real Estate of the related company which was necessary do to the cross collateralization of the secured creditor, the Trustee was required to come up with cash to close on the Real Property, leaving $26,280.31 available for administrative expenses and creditor claims.

### INTRODUCTION

4.  The Trustee has recovered funds from the collection of account receivables and the sale of Personal and Real Property totaling the amount of $136,723.37.

## RETENTION AND QUALIFICATION OF IFG CHTD.

5.  On September 12, 2014  this Court entered an order authorizing the retention of Law Offices of Ilene F. Goldstein, Chartered as attorneys for the Trustee retroactively to August 20, 2014.

6.  IFG Chtd. has extensive experience in bankruptcy matters and in the representation of bankruptcy trustees.

## ALL SERVICES PERFORMED BY IFG CHTD. WERE REASONABLE AND NECESSARY

7.  Pursuant to §330 of the Code and the generally applicable criteria with respect to time, nature, extent and value of services performed, all of IFG Chtd.'s services are compensable and the compensation requested is fair and reasonable. All the legal services performed by IFG Chtd. to date were required for the proper representation of the Trustee in this Chapter 7 case.

There has been no duplication of services by members or associates of IFG Chtd. for which compensation is requested herein.  In instances where two or more attorneys participated in any matter, joint participation was deemed necessary due to the complexity of the problems involved.  IFG Chtd. has thoroughly reviewed its billing statements to eliminate any non-compensable interoffice conferences of its professionals.  IFG Chtd. has also voluntarily chosen to not bill certain time and expenses and cut time already billed.  However, IFG Chtd. professionals have been required to conduct a limited number of strategy conferences as defined by In re Adventist Living Centers, Inc., 137 B.R. 701 (Bankr. N.D. Ill. 1991).

From the outset of this case, members of IFG Chtd. were instructed to avoid recording time entries which contained "lumping" as discussed in In re Pettibone Corp., 74 B.R. 293 (Bankr. N.D. Ill. 1987).  In those instances in which more than one

task is contained within a time entry description, IFG Chtd. has specified within the

time entry description the amount of time attributable to each individual task.

8.  Itemized and detailed descriptions of the specific legal services rendered to

Trustee by IFG Chtd., after revision by the Trustee, are reflected on the billing

statements attached hereto as Exhibit A.  The billing statements set forth the initials

of each attorney and the amount of time spent rendering each service, the day on

which such service was rendered and a description of the nature of the services

rendered.  Also attached as part of Exhibit B is a summary of the fees and costs

expended in each category of activity.

### ALL OF THE EXPENSES FOR WHICH IFG CHTD. SEEKS REIMBURSEMENT WERE NECESSARY

9.  IFG Chtd. incurred expenses in the amount of $77.60 in connection with its

representation of the Trustee during the period August 20, 2014 to October 16, 2015

for which it now requests reimbursement.  IFG Chtd. maintained a system for

recording expenses in a manner which complies with the requirements of In re

Convent Guardian Corp., 103 BR 937 (Bankr. N.D. Ill. 1989).  IFG Chtd. continued

to undertake extraordinary efforts to attempt to manually input descriptions for

document reproduction projects, messenger deliveries, overnight delivery services

and facsimile transmittals in order to provide the greatest amount of detail for

individual expense entries.  An itemized breakdown of each of these expenses is

included in the billing statements attached as Exhibit A.  IFG Chtd. does not seek

reimbursement for expenditures it has incurred in this case which constitute overhead,

such as ordinary postage charges and secretarial charges.  In re Adventist Living

Centers, Inc., 137 BR 701. IFG Chtd. is seeking reimbursement primarily for

expenses incurred for, among other things, document binding and reproduction

charges, messenger charges and delivery charges that were incurred in the service

of pleadings and mailing of notices to creditors and parties in interest.    For

documents, pleadings or correspondence which were delivered by messenger,

telecopier or Federal Express as opposed to delivery by first class mail, such

expedited delivery was deemed absolutely necessary in the exercise of discretion by

the responsible attorney in order to meet court deadlines or otherwise insure the

efficient and orderly administration of services to the Trustee.

   Notwithstanding the fact that a limited number of the expenses included in IFG

Chtd.'s billing statements do not contain detailed descriptions, all of the aforesaid

expenses were actually incurred by IFG Chtd. and were necessary for the proper

representation of the Trustee in this case.  All the expenses incurred are specifically

allocated to this case and do not represent general overhead or other expenses

unrelated to this case.

## NATURE OF SERVICES PERFORMED BY IFG CHTD.

### First Midwest Bank

   10.  Counsel for the Trustee appeared in Court on a Motion to Modify Stay as to all

assets by First Midwest Bank.    Counsel for the Trustee requested, reviewed and

corresponded with First Midwest Bank on notes, collateral assignments and mortgages.

Counsel for the Trustee reviewed documents dealing with legal ownership of Real

Property.  Counsel for the Trustee reviewed tax returns regarding Real Property.  Counsel

for the Trustee corresponded with Attorney Capadona with regard to Motion to Modify Stay,

marshaling of Assets, and Bank Claim.

   In connection with these services, IFG Chtd. expended 11.10 hours, for which it

seeks $3,885.00 in fees and reimbursable expenses of $0.00.  Set forth below in a chart

which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 11.10 hours | $350.00 | $3,885.00 |
| TOTAL | 11.10 hours | | $3,885.00 |
| | | Expenses | $ 0.00 |
| | | Total | $3,885.00 |

## Miscellaneous

11. Counsel for the Trustee prepared Motion to Use, Sell or Lease, Plastisol Coater Line, as well as appeared on that Motion, Counsel for the Trustee prepared 505b letters for IDOR and the IRS.

In connection with these services, IFG Chtd. expended 2.40 hours, for which it seeks $840.00 in fees and reimbursable expenses of $32.40. Set forth below in a chart which summarizes the time expended by each professional in this category.

| Professional | Time Spent | Hourly Rate | Total |
|---|---|---|---|
| IFG | 2.40 hours | $350.00 | $840.00 |
| TOTAL | 2.40 hours | | $840.00 |
| | | Expenses | $ 32.40 |
| | | Total | $872.40 |

## Retention

12. Counsel for the Trustee prepared pleadings to retain Counsel for the Trustee, Broker to the Trustee, Special Counsel to the Trustee and Accountant to the Trustee. Counsel for the Trustee prepared final fees for Counsel for the Trustee and Accountants to the Trustee.

In connection with the above services, IFG Chtd. expended 5.30 hours, for which it seeks compensation in the amount of $1,855.00 for fees and $0.00 in expenses. Set

forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | | Total |
|---|---|---|---|---|
| IFG | 5.30 hours | $350.00 | | $1,855.00 |
| TOTAL | 5.30 hours | | | $1,855.00 |
| | | | Expenses | $    0.00 |
| | | | Total | $1,855.00 |

## Sale of Assets

13.  Counsel for the Trustee analyzed issues regarding possible avoidable transfer of Real Property from Debtor to Corporation; Counsel for the Trustee conferred with Accountants on Corporate structure of Debtor and Pafics with regard to legal ownership of Real Property of the Estate; Counsel for the Trustee prepared pleadings to Sell Property, and to Limit and Shorten Notice, as well as appeared on those Motions; Counsel for the Trustee reviewed Judge's modification of Order on Sale, circulated same to all parties.   Counsel for the Trustee reviewed, corresponded and had conferences with Attorney Capadona regarding legal issues remaining for closing; Counsel for the Trustee prepared Report of Sale.

In connection with the above services, IFG Chtd. expended 8.70 hours, for which it seeks compensation in the amount of $3,045.00 for fees and $45.20 in expenses.  Set forth below is a chart which summarizes the time expended by each professional in this category:

| Professional | Time Spent | Hourly Rate | | Total |
|---|---|---|---|---|
| IFG | 8.70 hours | $350.00 | | $3,045.00 |
| TOTAL | 8.70 hours | | | $3,045.00 |
| | | | Expenses | $   45.20 |
| | | | Total | $3,090.20 |

**CONCLUSION**

14.  The rates charged by IFG Chtd. in this fee application are its usual and customary rates charged during the period covered by this application for work performed for other clients in both bankruptcy and non-bankruptcy matters.

15.  IFG Chtd. has not entered into an agreement or understanding of any kind, expressed or implied, with any entity to share in its compensation received or to be received by IFG Chtd. for services rendered to the Trustee in this case.

16.  IFG Chtd. has not previously submitted a fee applications in this case.

17.  IFG Chtd. has provided the Trustee with a draft of this application and certifies that the Trustee has approved the application.

WHEREFORE, IFG Chtd. requests the entry of an order:

a.  Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered final compensation in the amount of $9,625.00 for the actual, necessary and valuable professional services rendered to the Trustee during the period from August 20, 2014 to October 16, 2015.

b.  Allowing and directing payment to Law Offices of Ilene F. Goldstein, Chartered reimbursement for its actual and necessary expenses of $77.60 incurred in connection with such services;

c.  For such other and further relief as this Court deems appropriate.

Respectfully submitted by
Law Offices of Ilene F. Goldstein, Chartered

By:   /s/Ilene F. Goldstein
One of Its Attorneys

Ilene F. Goldstein
Law Offices of Ilene F. Goldstein, Chartered
900 Skokie Blvd, Suite 128
Northbrook, IL 60062
(847) 562-9595

## TIME SUMMARY BY INDIVIDUAL

| Professional | Hours | Rate | Total |
|---|---|---|---|
| IFG | 27.50 | $350.00 | $9,625.00 |
| TOTAL | 27.50 | | $9,625.00 |

## TIME SUMMARY BY CATEGORY

| | Fees | Costs | Total |
|---|---|---|---|
| First Midwest Bank | $3,885.00 | $ 0.00 | $3,885.00 |
| Miscellaneous | $ 840.00 | $32.40 | $ 872.40 |
| Retention/Comp. | $1,855.00 | $ 0.00 | $1,855.00 |
| Sale of Assets | $3,045.00 | $45.20 | $3,090.20 |
| TOTAL | $9,625.00 | $77.60 | $9,702.60 |